County of Macon v. Mauzy.

---

# THE COUNTY OF MACON
## v.
# JOHN H. MAUZY, SHERIFF.

*Sheriff—Fees—Recovery of.*

Upon a controversy between a sheriff and a county board touching claims alleged to be due him from said county, this court declines, in view of the evidence, to interfere with the judgment in his behalf.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Macon County; the Hon. J. F. HUGHES, Judge, presiding.

Mr. I. R. MILLS, for appellant.

Messrs. JOHNS & RANDOLPH, for appellee.

CONGER, P. J.  This case was submitted upon a stipulation to be tried by the court.  The appellee, John H. Mauzy, having been elected, assumed the duties of sheriff of Macon County on the first Monday in December, 1886.  On the 30th of November, 1887, after having served one year, he submitted to the board of supervisors his annual report.  At this time there arose between the board and the appellee a controversy in regard to their respective rights, the result of which was, that appellee brought suit against the county at the January term, 1888, of the Circuit Court, on a number of claims which he contended the county owed him, and in that suit the appellee recovered a judgment against the county for the sum of $559.08, which, on the 21st day of March, 1888, was paid in full.

Among other claims then made by the appellee against the county and for the recovery of which that suit was brought, are the following: Fees earned in insane pauper cases, $131.70; fees earned in attending Probate, County and Circuit Courts, $261.00, total, $392.70.

This item of $392.70 constituted a part of this judgment of $559.08, which was paid by the county on the 21st day of March, 1888; the balance of said judgment being for services and expenses not falling within the designation of "*fees of his office.*"

Out of the payment of this judgment of $559.08, or, more strictly speaking, that part of it embraced in this item of $392.70, this present suit has its origin.  At the June meeting of the board of supervisors in 1888, the appellee submitted his semi-annual report, in which he reported that he had received for the half year ending on the 31st of May, 1888,

the total sum of $587.95, exclusive of the said judgment of $559.08; the salary of the appellee was $1,800 per annum, one half of which, or $900, was due at the time of making this report.   The board of supervisors claimed that this item of $392.70, being a part of the judgment of $559.08, and having been paid during the time covered by this semi-annual report, should be taken and held as a receipt of his office, which he was required to report, and that the true amount of the total receipts for the half year, ending May 31, 1888, was $980.65, instead of $587.95, $80.65 more than was then due him on salary, while appellee was claiming that the board owed him then on salary the sum of $312.05, being $900, less the $587.95. The board made him no payment.   At the December meeting of the board of supervisors in 1888, the appellee submitted his annual report, in which he reported that he had received for the half year ending on the 31st day of November, 1888, the sum of $657.80.   In addition to this amount the board charged him with the $80.65, making a total of $738.45, and directed that the appellee be paid the sum of $161.55 out of criminal cases, to make up the balance of his salary of $900, while the appellee claimed that there was due him on personal salary for the half year ending November 31, 1888, the sum of $242.20, being $900 of salary, less the sum of $657.80, the amount of the receipts for that half year, together with the $312.05 due, as he claimed, on the semi-annual report of May 31st, making a total of $554.25, which he was entitled to be paid out of criminal cases where the defendants had been discharged.   The appellee claimed as due him out of the criminal fund the sum of $554.25, the board conceding and paying the sum of $161.55, making the disputed claim of $392.70, the amount received through the judgment.

It is contended that the fees mentioned in the foregoing statement, amounting to $392.70, should have been reported by the sheriff as fees collected during the first half of the year 1888, under Sec. 51 of the Fees and Salary Act, which required the sheriff to report fees received during the half year, which have been earned in previous years or half years.

We do not think this view can be maintained upon the facts as they appear in the record. These fees were neither received nor collected in the sense of the 51st section; that section refers to the ordinary and usual case where there has been no adjudication between a county officer and the county, and where it is necessary that all fees received as such during the year or half year covered by such officer's report, no matter when earned, should be reported, so that a proper settlement might be made by the county board between the county and such officer.

But in the case at bar the sheriff had reported them as earned in 1887, and upon a failure of the county to settle with him, he had, in January, 1888, sued the county and recovered a judgment against the county for these fees, which judgment the county paid in March, 1888.

This judgment was a settlement between the county and the sheriff up to November, 1887, and it could make no difference when that judgment was paid.

When the county paid it in March, 1888, it was by virtue of the judgment and not because the board at that time audited and allowed, or had any power to audit and allow the fees in question or anything else which was settled by the judgment. The object of requiring the sheriff to report fees collected during the time covered by his report, no matter when earned, is that he may be charged with them, and they made an offset against his claim against the county.

But it would be clearly unjust when the sheriff has received from the county a certain sum of money, by virtue of a judgment based upon former services, to require him to report such money, and be charged with it the same as fees which he may collect from suitors in the court, and which the county can have no account of, or receive credit for unless they are reported as provided by Sec. 51.

We think the judgment of the Circuit Court is right and it will be affirmed.

*Judgment affirmed.*